IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STELLA MARIS INSURANCE COMPANY, LIMITED | : : : | |
| | : | CIVIL ACTION |
| v. | : : | NO. 10-1946 |
| CATHOLIC HEALTH EAST, ET AL. | : | |

**SURRICK, J.**                                                 SEPTEMBER __8__, 2010

## MEMORANDUM

Presently before the Court are Defendants Mary Serio and Nicholas Serio's Motion to Dismiss for Lack of Jurisdiction and/or for Lack of Jurisdiction Due to Lack of Diversity Between Plaintiff and Defendant Catholic Health East (ECF No. 17), and Defendant Jeffrey Constantine, M.D.'s Motion to Dismiss for Lack of Jurisdiction (ECF No. 19). For the following reasons, Defendants' Motions will be granted.

### I. BACKGROUND

This is a declaratory judgment action in which Plaintiff Stella Maris Insurance Company, Ltd., seeks a declaration that it has no duty to defend or indemnify Defendant Jeffrey Constantine, M.D., in connection with the medical malpractice lawsuit brought against him in New York state court. The New York state lawsuit involves Defendants Mary and Nicholas Serio suing on behalf of their daughter, Nicole Serio, who it is alleged suffered injuries as a result of Dr. Constantine's negligence.[1] Stella Maris is a single-parent captive insurance company that

---

[1] We will refer to Dr. Constantine, Mary Serio, and Nicholas Serio collectively as the "Moving Defendants."

is wholly owned by Defendant Catholic Health East ("CHE"). (Compl. ¶ 1, Apr. 30, 2010, ECF No. 1.) Stella Maris is domiciled in the Cayman Islands. (*Id.*) It insures and reinsures certain professional and general liability risks of CHE, its regional health corporations, and other entities, including Defendant Catholic Health System of Buffalo, NY, d/b/a Sisters of Charity Hospital. (*Id.*)

Defendant CHE is a Pennsylvania not-for-profit corporation with its principal place of business in Pennsylvania. (Compl. ¶ 2.) CHE is party to a joint operating agreement with Defendant Catholic Health System of Buffalo, NY, d/b/a Sisters of Charity Hospital (the "Hospital"), which is a not-for-profit corporation with its principal place of business in Buffalo, New York. (*Id.* ¶¶ 2-3.) From July 1, 2001 through July 1, 2002, CHE was the first named insured under a general liability insurance policy issued by Stella Maris (the "Policy"). (*Id.* ¶ 8.)

Dr. Constantine is a medical doctor who resides in the state of New York. (*Id.* ¶ 4.) He is licensed to practice medicine in New York. He is not licensed to practice in Pennsylvania. (*Id.* ¶ 4; Constantine Mot. to Dismiss Ex. D ¶ 5, July 2, 2010, ECF No. 19.) Dr. Constantine does not have any bank accounts, real estate, mailing address, or offices in Pennsylvania. (Constantine Mot. Ex. 4 ¶¶ 3-4, 6.) Dr. Constantine, an obstetrician-gynecologist, was a full-time employee of the Hospital from July 1996 to June 30, 2001. (Compl. ¶ 23(a).) On July 7, 2001, when the incident that gave rise to the medical malpractice lawsuit occurred, Dr. Constantine was employed by a private group called 431 OB-GYN. (*Id.* ¶ 23(b).) After becoming employed by 431 OB-GYN, Dr. Constantine had an independent contractor relationship with the Hospital in which he would take call and act as an attending physician who supervised resident physicians. (*Id.* ¶ 23(c).)

Defendants Mary and Nicholas Serio (the "Serios") are the parents and natural guardians of Nicole Serio. The Serios' primary residence is in New York. (Compl. ¶ 5.) The Serios do not have any bank accounts, real estate, or phone listings in Pennsylvania. (Serio Mot. to Dismiss Ex. A ¶¶ 3-4, Ex. B ¶¶ 3-4, June 23, 2010, ECF No. 17.)

On or about July 27, 2005, the Serios filed suit against Dr. Constantine; the Buffalo Medical Group, P.C.; and the Hospital in the New York Supreme Court (the "New York Action"). (Constantine Mot. Ex. 1 ¶¶ 2-4.) The Serios allege that between July 5 and July 7, 2001, Dr. Constantine provided negligent medical care during the birth of Nicole Serio, causing her serious, permanent injuries. (*Id.* ¶¶ 14-15.) The litigation between the Serios and Dr. Constantine is ongoing.

Dr. Constantine's primary medical malpractice liability insurance is provided by Medical Liability Mutual Insurance Company ("Medical Liability Mutual"). (Pl.'s Resp. to Serios 2, July 6, 2010, ECF No. 20.) Medical Liability Mutual is covering the costs of Dr. Constantine's defense in the New York Action. (*Id.*) During discovery in the New York Action, the Serios' attorneys began seeking information regarding the obligation that Stella Maris might have to provide additional insurance coverage to Dr. Constantine beyond the limits of the policy issued to Dr. Constantine by Medical Liability Mutual. (*See, e.g.*, Constantine Mot. Ex. H, Schlert Dep. 53:21-54:4.) As a result, Stella Maris filed the instant lawsuit against CHE, the Hospital, the Serios, and Dr. Constantine in this Court on April 30, 2010. Stella Maris is seeking a declaration that it has no obligation to defend or indemnify Dr. Constantine in connection with the New York Action because Dr. Constantine was not a covered person under the Policy Stella Maris issued to CHE. (Compl. ¶¶ 29-33.) Dr. Constantine and the Serios have both moved to dismiss

the complaint for lack of personal jurisdiction and lack of subject-matter jurisdiction. Alternatively, the Moving Defendants ask us to abstain from hearing this declaratory judgment action under *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), and its progeny. (*See* Constantine Mot. 1; Serio Mot. 1.)

## II. DISCUSSION

When defendants challenge both personal jurisdiction and subject-matter jurisdiction, district courts customarily resolve the challenge to subject-matter jurisdiction before addressing personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999). "[T]here is no unyielding jurisdictional hierarchy," however, and in appropriate circumstances a district court may properly address personal jurisdiction before subject-matter jurisdiction. *Id.*, *see also In re Hechinger Inv. Co. of Delaware*, 335 F.3d 243, 250-51 (3d Cir. 2003) ("[In *Ruhrgas*], the Court held that federal courts are not generally obligated to address 'jurisdictional issues' in any particular order."). Therefore, when "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." *Ruhrgas*, 526 U.S. at 588.

The personal-jurisdiction inquiry in this case is straightforward, while determining subject-matter jurisdiction requires us to address the novel question of whether Stella Maris is the alter ego of CHE for purposes of determining whether the parties are diverse. We will address personal jurisdiction first. *See Machulsky v. Hall*, 210 F. Supp. 2d 531, 537 (D.N.J. 2002) (addressing personal jurisdiction first because "deciding the issue of subject matter jurisdiction . . . requires an analysis of the application of federal RICO laws against multiple,

4

geographically diverse defendants").

### A. Personal Jurisdiction

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing jurisdiction over the defendants. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). Plaintiff need only establish a prima facie case of jurisdiction, and we accept all of Plaintiff's allegations as true and resolve all factual disputes in Plaintiff's favor. *Id.* (citations omitted).

Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure authorizes a district court to exercise personal jurisdiction according to the law of the state in which it sits. *See* Fed. R. Civ. P. 4(k)(1)(A). The Pennsylvania long-arm statute provides that Pennsylvania courts may exercise jurisdiction "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b). To determine whether personal jurisdiction exists, we therefore ask whether, under the Due Process Clause, the Moving Defendants have "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted).

There are two types of personal jurisdiction, general jurisdiction and specific jurisdiction. *Id.* at 317. General jurisdiction exists when the defendant has engaged in "continuous and systematic" contacts in the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S.

408, 416 (1984). Specific jurisdiction, by contrast, "exists if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir. 2009) (quoting *Burger King*, 471 U.S. at 472) (internal quotation marks omitted). Plaintiff does not argue that the Moving Defendants are subject to general jurisdiction, and we are satisfied that the Moving Defendants have not had the kind of "continuous and systematic" contacts with Pennsylvania that would support general jurisdiction. *Helicopteros*, 466 U.S. at 416. We will therefore consider whether specific jurisdiction exists over the Moving Defendants.

*1.    Specific Jurisdiction*

In determining whether this Court has specific jurisdiction over the Moving Defendants, "we examine the relationship among the [Moving Defendants], the forum, and the litigation." *Miller Yacht Sales*, 384 F.3d at 96 (citing *Pinker*, 292 F.3d at 368). This inquiry has three parts. First, the defendant must have "purposely directed his activities" at the forum. *O'Connor*, 496 F.3d at 317 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)) (internal quotation marks and alterations omitted). This requires "that there be some act by which the defendant purposefully avails [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Second, "the litigation must 'arise out of or relate to' at least one of those activities." *O'Connor*, 496 F.3d at 317 (quoting *Helicopteros*, 466 U.S. at 414). Finally, if these two requirements are met, "a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *Id.* (quoting *Burger King*, 471 U.S. at 476)

6

(internal quotation marks omitted, alteration in the original).

        (a)      Dr. Constantine

Plaintiff contends that this Court has specific jurisdiction over Dr. Constantine because he "was employed by, or under contract to [the Hospital, which is] a CHE subsidiary, and . . . Dr. Constantine's purported rights under the Policy exist by virtue of [the Hopsital's] agreement with CHE." (Pl.'s Resp. to Constantine 8.) Plaintiff argues that because "the rights Dr. Constantine claims to have under the Policy arise from his and [the Hospital's] relationships with a Pennsylvania entity" (*id.*), and because Dr. Constantine is "claiming rights under the Policy, which is governed by and construed in accordance with the law of the state of Pennsylvania, Dr. Constantine is taking advantage of the benefits and privileges of Pennsylvania law." (*Id.* at 8-9 (citations omitted).) Reduced to its essence, Plaintiff's position is that because Dr. Constantine was employed by the Hospital, which is a New York corporation that is party to a joint operating agreement with CHE, a Pennsylvania corporation, and because Dr. Constantine is attempting to take advantage of a contract between CHE and Stella Maris that insures the Hospital and its employees and is governed by Pennsylvania law, Dr. Constantine is subject to personal jurisdiction in Pennsylvania.

We reject Plaintiff's argument. Plaintiff has failed to establish that Dr. Constantine's actions or conduct "purposefully directed his activities at residents of the forum." *Metcalfe*, 566 F.3d at 334. Plaintiff has not asserted that Dr. Constantine entered into a contract with or was employed by a Pennsylvania entity. Dr. Constantine was employed by the Hospital, which is a New York not-for-profit corporation. The fact that the Hospital is party to a joint operating agreement with a Pennsylvania not-for-profit corporation does not, without more, subject Dr.

7

Constantine to personal jurisdiction in Pennsylvania. *See Hanson*, 357 U.S. at 253 ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."). The Hospital's relationship with CHE is insufficient by itself to subject Dr. Constantine to personal jurisdiction in Pennsylvania.[2]

Furthermore, it is not sufficient that Dr. Constantine is "claiming rights under the Policy, which is governed by and construed in accordance with the law of the state of Pennsylvania." (Pl.'s Resp. to Constantine 8-9.) Plaintiff has not alleged that the Policy was issued to Dr. Constantine, or that there is any contractual relationship between Dr. Constantine and either Stella Maris or CHE. Dr. Constantine is therefore at best a third-party beneficiary of the insurance contract between Stella Maris and CHE, as Plaintiff appears to concede in its Response to Dr. Constantine. (*See* Pl.'s Resp. to Constantine 8-9 (arguing that Dr. Constantine is "claiming rights under the Policy").) This too is not enough to subject Dr. Constantine to personal jurisdiction in Pennsylvania.[3] Dr. Constantine has had no contact with CHE personnel regarding insurance coverage matters. (*See* Constantine Reply Ex. B-Ex. A, Constantine Aff.

---

[2] It is interesting to note that although Plaintiff argues that Dr. Constantine's minimal contacts with CHE and Plaintiff should subject Dr. Constantine to personal jurisdiction in Pennsylvania, Plaintiff contends that its contacts with the Hospital—a New York not-for-profit corporation whose liability risks it insures—would not subject Plaintiff to personal jurisdiction in New York. (*See* Pl.'s Resp. to Dr. Constantine 20.)

[3] Even if Dr. Constantine had had a contractual relationship with Stella Maris or CHE, it would not automatically subject Dr. Constantine to personal jurisdiction in Pennsylvania. Determining personal jurisdiction over contract claims requires that courts "consider the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (citations omitted); *see also Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 152 (3d Cir. 1996) (finding no personal jurisdiction based on defendant's contract with Pennsylvania resident where defendant's only contacts with Pennsylvania involved several telephone calls and letters to the plaintiff regarding the contract).

¶ 2, Aug. 4, 2010, ECF No. 26.) Dr. Constantine played no role in negotiating the Policy, and he has never sent insurance premiums to CHE or to any entity in Pennsylvania. (*Id.* ¶¶ 4-6.) In fact, Dr. Constantine denies that he was even aware of the Policy's existence until Plaintiff filed the instant declaratory judgment action against him. (*Id.* ¶ 6.) There is simply no evidence that Dr. Constantine "purposefully directed his activities at residents" of Pennsylvania, *Metcalfe*, 566 F.3d at 334, such that he "should reasonably anticipate being haled into court in that forum." *Remick*, 238 F.3d at 255 (quoting *Vetrotex*, 75 F.3d at 151) (internal quotation marks omitted). Accordingly, Dr. Constantine is not subject to personal jurisdiction in Pennsylvania.

While there is a dearth of case law on this precise issue, the United States District Court for the Middle District of Florida reached a similar result in the case of *Chicago Insurance Co. v. Lammers*, No. 06-658, 2006 WL 5085250 (M.D. Fl. Oct. 31, 2006). In *Chicago*, the plaintiff, an Illinois-based insurance company, sought a declaratory judgment in Florida that it had no duty to indemnify or defend Larry Lammers, a student medical assistant who had allegedly provided negligent treatment to eight people who were suing Lammers in Kentucky state court. The plaintiff named the eight plaintiffs in the Kentucky litigation as defendants in the Florida declaratory judgment action. Personal jurisdiction over Lammers was based on his residency in Florida. The plaintiff alleged that the Florida court had personal jurisdiction over the eight non-resident defendants because "they [we]re seeking proceeds under an insurance contract that was issued and delivered to a Florida resident." *Id.* at *1. The court concluded that "[t]he only link to Florida that the moving Defendants allegedly have is that they might be able to benefit under a liability insurance policy that was issued to Defendant Lammers by [the plaintiff] and was delivered in Florida. This is far from sufficient to satisfy Due Process." *Id.* at *3. In the instant

case, Plaintiff similarly argues that Dr. Constantine was "claiming rights under the Policy" (Pl.'s Resp. to Constantine 8-9). We are satisfied that the simple fact that Dr. Constantine may be entitled to a defense and indemnification under Plaintiff's Policy is not alone sufficient to satisfy due process. Plaintiff has failed to establish a prima facie case of personal jurisdiction over Dr. Constantine.

(b) The Serios

The Serios argue that they are not subject to personal jurisdiction in Pennsylvania. (Serio Mot. 1-11.) Plaintiff does not contest this and asks that the Serios be dismissed from this action for lack of personal jurisdiction. (Pl.'s Resp. to Serios 4-5.) We agree that this Court does not have personal jurisdiction over the Serios. They will therefore be dismissed from this action.

**B. Necessary Parties**

In light of Plaintiff's concession that this Court does not have personal jurisdiction over the Serios (*see* Pl.'s Resp. to Serios 4-5), the Serios argue that the instant action must be dismissed because they are indispensable parties without whom this litigation cannot proceed. (Serio Reply 9-11, July 26, 2010, ECF No. 22.) We need not decide whether the Serios are indispensable parties, however, since this Court does not have personal jurisdiction over Dr. Constantine, who clearly *is* an indispensable party to this litigation. Indeed, Plaintiff does not argue that Dr. Constantine can be dismissed from this action without dismissing the entire action. We also note that dismissing both the Serios and Dr. Constantine would leave three related entities as the only parties to this litigation. CHE and the Hospital's answer to Plaintiff's complaint admits all of Plaintiff's factual allegations and concludes that "defendants Catholic Health East and [the Hospital] take no position with respect to the declaratory relief requested in

Plaintiff's Complaint." (Answer at 2, July 2, 2010, ECF No. 18.) Given the corporate relationship between Plaintiff, CHE, and the Hospital, and in light of the content of CHE and the Hospital's answer, we perceive a not-insignificant risk of a collusive judgment or settlement if the Serios or Dr. Constantine are not involved in this litigation. *See Gulf Ins. Co. v. Caldor Corp.*, No. 03-2984, 2006 WL 1586571, at *7 (S.D.N.Y. June 9, 2006) (dismissing action after finding lack of personal jurisdiction over defendant because remaining defendants were purely nominal parties). Because Dr. Constantine and the Serios are not subject to personal jurisdiction in Pennsylvania, this action must be dismissed. As such, we need not reach the Moving Defendants' arguments regarding subject-matter jurisdiction or abstention under *Brillhart*.

    **C.    Jurisdictional Discovery**

Plaintiff requests leave to conduct limited jurisdictional discovery regarding Dr. Constantine's contacts with Pennsylvania if we do not conclude from the parties' briefs and affidavits that Dr. Constantine is subject to personal jurisdiction in Pennsylvania. (Pl.'s Resp. to Constantine 9-11.) The Third Circuit has stated that "generally[,] . . . jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'" *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (quoting *Nehemiah v. The Athletics Cong.*, 765 F.2d 42, 48 (3d Cir. 1985)). However, "jurisdictional discovery generally relates to corporate defendants and the question of whether they are 'doing business' in the state." *Id.* (citing *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983)). "Where the defendant is an individual, the presumption in favor of discovery is reduced." *Id.* (citing *Shaw v. Boyd*, 658 F. Supp. 89, 91 n.1 (E.D. Pa. 1987)).

We find that Plaintiff's claim of personal jurisdiction over the Serios and Dr. Constantine is "clearly frivolous." *See Mass. Sch. of Law*, 107 F.3d at 1042. Jurisdictional discovery is therefore unwarranted, considering the Third Circuit's observation that the presumption in favor of discovery is reduced where the defendant is an individual rather than a corporation. *See id.* The briefing and affidavits reveal almost no contact between Dr. Constantine and Pennsylvania. That Dr. Constantine was employed by a hospital that has a joint operating agreement with a Pennsylvania corporation, or that he may be a third-party beneficiary of an insurance policy that was negotiated between a Cayman Islands corporation and a Pennsylvania corporation, is insufficient to show that Dr. Constantine "purposefully avail[ed] [him]self of the privilege of conducting activities" in Pennsylvania. *See Hanson*, 357 U.S. at 253. We will not subject Dr. Constantine or the Serios to the expense and inconvenience of jurisdictional discovery in Pennsylvania based on such a sparse record. Plaintiff's request for jurisdictional discovery is denied.

**D.  Transfer**

Plaintiff requests that we transfer this case to federal court in New York if we find that we lack personal jurisdiction over the Moving Defendants. Under 28 U.S.C. § 1631, when a court finds that it lacks jurisdiction over a civil action, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ."

We conclude that it is not in the interest of justice to transfer this case to federal court in New York. There is already a declaratory judgment action pending between these same parties in

New York state court, where the underlying medical malpractice action is also pending. We are not inclined to create further parallel litigation in federal court, which would only increase the already considerable expense and complexity of litigating this matter. Furthermore, there is no evidence that Plaintiff would be prejudiced by our refusal to transfer, as there is no suggestion that its claim would be barred by the statute of limitations otherwise. *See, e.g.*, *Autoflex Leasing, Inc. v. Team Motor Sports, Inc.*, No. 03-2786, 2004 WL 1962208, at *2 (N.D. Tex. Sept. 1, 2004) (noting that transfer under § 1631 is appropriate "where the transferor court determines it lacks personal jurisdiction but dismissal of the action might cause the plaintiff's cause of action to be barred by limitations"). Nor do we share Plaintiff's concern that it is not subject to personal jurisdiction in New York. (*See* Pl.'s Resp. to Constantine 11-12 (arguing that Plaintiff is not subject to personal jurisdiction in New York but offering to waive personal jurisdiction if this matter is transferred to federal court in New York).) Plaintiff remains free to make its arguments regarding personal jurisdiction to the New York state court, and because we dismiss Plaintiff's complaint without prejudice, Plaintiff can refile its declaratory judgment action in New York federal court if it wishes. Plaintiff's request to transfer this action to federal court in New York is denied.

**III.     CONCLUSION**

For the foregoing reasons, Defendants Mary Serio and Nicholas Serio's Motion to Dismiss for Lack of Jurisdiction and/or for Lack of Jurisdiction Due to Lack of Diversity Between Plaintiff and Defendant Catholic Health East, and Defendant Jeffrey Constantine, M.D.'s Motion to Dismiss for Lack of Jurisdiction, will be granted.

An appropriate Order will follow.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**
